582



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. L. L. Geren
County Attorney
Limestone County
Groesbeck, Texas

Dear Sir:                    Attention of Mr. Clarence Ferguson

Opinion No. O-1926
Re: Are members of the commissioners'
court of Limestone County entitled
to expense money for trips out of
the county on official business of
the county?

Your request for opinion upon the above stat-
ed question has been received and carefully considered
by this department.

We quote from 11 Texas Jurisprudence, pages
563-4-5 as follows:

"Counties, being component parts of the
State, have no powers or duties except those
which are clearly set forth and defined in
the Constitution and statutes. The statutes
have clearly defined the powers, prescribed
the duties, and imposed the liabilities of
the commissioners' courts, the medium through
which the different counties act, and from
these statutes must come all the authority
vested in the counties.... Commissioners'
courts are courts of limited jurisdiction in
that their authority extends only to matters per-
taining to the general welfare of their respec-
tive counties and that their powers are only
those expressly or impliedly conferred upon
them by law,-that is, by the Constitution and
statutes of this State."

You state in your letter that Limestone County,
Texas, operates under the General Road Law. We have been

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. L. L. Geren, Page 2


unable to find any statutory authority which would
allow the commissioners of Limestone County any expenses
for trips out of the county on official business.

This department has repeatedly held, that in
the absence of a valid statute, the commissioners court
has no authority to allow any sums of money to its mem-
bers for expenses.

The commissioners' court in the absence of
a valid statute is unauthorized to allow automobile
expenses to its members. See Letter Opinions of this
department, Vol. 380, page 642, dated March 15th, 1938,
written by Hon. James W. Neff, Assistant Attorney General,
and addressed to Hon. R. N. Stripling, County Judge,
San Augustine, Texas.

Opinion No. O-899 of this department, held
House Bill No. 866 of the 46th Legislature of Texas,
relating to traveling expenses of county commissioners
in counties having a population of not less than 22,100
and not more than 22,500, according to the last preced-
ing Federal Census, was unconstitutional in that it was
a special or local law regulating the affairs of coun-
ties and prohibited by Section 56 of Article III of the
Constitution of Texas.

The commissioners' court, in the absence of
a valid statute, does not have authority to allow them-
selves expense money for gasoline spent in discharge of
their duties. See Letter Opinions of this department,
dated January 23, 1935, written by Hon. Leon O. Moses,
Assistant Attorney General of Texas, addressed to Hon.
W. C. McDonald, County Attorney, Robert Lee, Texas.

Also see opinions Nos. O-752, O-899, O-996
and O-1345 of this department.

You are, therefore, respectfully advised that

Hon. L. L. Geren, Page 3

it is the opinion of this department that your question should be answered in the negative and it is so answered.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *[signature]*

Wm. J. Fanning
Assistant

WJF:AN  APPROVED FEB 20, 1940

*[signature]*

FIRST ASSISTANT
ATTORNEY GENERAL



APPROVED
OPINION
COMMITTEE
BY *[signature]*
CHAIRMAN